## LINDLEY v. HUNT.[1]

*(Circuit Court, E. D. Missouri. November 1, 1884.)*

SALES—IMPLIED WARRANTY.
 In sales of personal property, in the absence of express warranty, where the buyer has an opportunity to inspect the commodity, and the seller is guilty of no fraud, and is not the manufacturer of the article he sells, the maxim of *caveat emptor* applies.

At Law.

*McKeighan & Jones,* for plaintiff.

*Blodgett & Dickson,* for defendant.

TREAT, J. Suit on a promissory note. The defense is a failure of consideration *pro tanto.* That defense arises in this way: The note was given for the purchase of a second-hand locomotive, and it is contended there was a warranty of said locomotive, or a representation as to its efficiency, on which the defendant relied. It so happened that after the locomotive was delivered and intermediate repairs, that said locomotive did not, without further repairs at the cost of defendant, operate successfully. The railroad retained said locomotive. The defendant in this case is the joint maker of the note, and as such liable therefor, unless the defense interposed is established.

The evidence discloses that a full test was made by the railroad and defendant with respect to said locomotive, and that the same was purchased on the judgment of the defendant with respect thereto, and not upon any representations made by the plaintiff; also that there was no warranty. Hence the defense fails. Judgment for the plaintiff for $5,512.50.

See *Reynold* v. *Palmer,* 21 FED. REP. 433, and note, 439.—[ED.

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.